JESSE W. ANDERSON, PLAINTIFF IN ERROR, V. JAMES BUCHANAN, DEFENDANT IN ERROR.

**Covenant:** EVICTION: PLEADING AND PROOF. In an action on warranty deed for a breach of the covenant for quiet enjoyment the plaintiff must allege and prove that he has been turned out of the possession of the granted premises, or of some part thereof, or has yielded the possession thereof to the paramount title.

ERROR to the district court for Otoe county. Heard below before POUND, J.

*Groff & Montgomery,* for plaintiff in error.

*S. H. Calhoun,* for defendant in error.

COBB, J.

The following are the facts of this case, as appears from the abstracts:

The defendant in the court below was in the possession of the tract of land involved in the litigation by virtue of a tax deed from the county treasurer, had paid a large amount of taxes assessed and levied thereon subsequently to his deed, and had valuable permanent improvements on the land. He sold the land to one James H. Anderson, and conveyed the same to him by warranty deed.

The following is the covenant of warranty contained in said deed, as set out in the petition: "That he, the said defendant, would warrant and defend the said premises against the lawful claims of all persons whomsoever." That afterwards the said James H. Anderson sold the said land to the plaintiff and conveyed the same to him also by warranty deed. Afterwards one Hugh W. Markham and Frank D. Markham brought an action of ejectment against the plaintiff Buchanan, for the said lands,

claiming title thereto prior and paramount to the title of the defendant. The defendant was notified by Buchanan of the bringing and pendency of said action of the Markhams, and requested to defend the same, which he declined to do. Whereupon, and before the said action was brought to trial, the said Buchanan compromised the same with plaintiffs therein, the said Markhams, and paid them the sum of six hundred and eighty dollars, beside two hundred and twenty-six dollars and sixty-six cents, their attorney' fees, and forty-nine dollars and sixty-eight cents, his own attorney's fees and court charges, and received from the said Markhams a stipulation for a judgment, upon which a judgment was rendered and entered in said court in said action in favor of the said Buchanan against the said Markhams, and quieting the title of said Buchanan in said tract of land. Thereupon the said Buchanan brought his action against the plaintiff in error, Jesse W. Anderson, upon his covenants of warranty in his said deed to James H. Anderson, claiming judgment in the sum of $955.21 for breach thereof. The said Jesse W. Anderson, defendant, answered, setting up several defenses, particularly that on February 13, 1880, when he conveyed to James H. Anderson, he claimed to be the owner of said land by virtue of certain tax sales and deeds, and payments of taxes, and for improvements made on the land, and that his interest in said land by reason thereof exceeded in the aggregate up to March 19, 1884, the sum of $1,045, and interest from February 13, 1880, of which interest the said Buchanan became the owner by virtue of his purchase and deed from James H. Anderson, and which he would have been entitled to recover from the Markhams, if they, as the claimants of the paramount title, had succeeded in the prosecution of their action against Buchanan, etc.

There was a trial to the court (a jury being waived) which found for the plaintiff and rendered a judgment

against the defendant for $805.83, with costs. The defendant brings the cause to this court on error.

There are ten errors assigned, seven of which are for the alleged wrongful admission of evidence at the trial. These errors cannot be considered, as the trial was to the court, without the intervention of a jury. The whole question turns, then, upon the merits of the finding and judgment.

So much of the petition as is set out in the abstract is in the following words, to-wit: "That on February 13, 1880, the said Jesse W. Anderson conveyed certain land by warranty deed to one James H. Anderson for the consideration of $1,045, and that on May 21, 1880, the said James H. Anderson by warranty deed conveyed the same land for the consideration of $1,200 to said James Buchanan, who thereupon immediately entered upon said premises and was possessed thereof; that said Jesse W. Anderson did not have a good and sufficient title to said land and would not warrant and defend the same against the lawful claims of all persons, especially Hugh W. Markham and Frank D. Markham, who up to March 19, 1884, were the owners of the paramount title to said land; that on said March 19, 1884, said Markhams having prior to that time sued Buchanan in an action in said Otoe county district court to recover possession of said land, Buchanan, to prevent being evicted and ousted, paid for said Markham's outstanding title and necessary costs and expenses of said action the sum of $955.21, for which amount, with interest from March 19, 1884, judgment was prayed."

It thus appears that the covenant for the breach of which the action was brought is a covenant for quiet enjoyment, and that there has been no eviction or ouster of the plaintiff; but that to prevent such eviction and ouster plaintiff bought in the claim or alleged paramount title of the Markhams, and continued in the actual possession and enjoyment of the land.

Anderson v. Buchanan.

The case of *Real v. Hollister,* in this court, *ante* p. 112, was in its leading features identical with the case at bar. In that case, however, there had been a judgment of ouster against the plaintiff, but there was neither allegation or proof that he had been actually turned out of the posses-sion of the land. The court in the syllabus say: "In an action on a warranty deed for a breach of the covenant for quiet enjoyment the plaintiff must allege and prove that he has been turned out of the possession of the granted premises, or of some part thereof, or has yielded the possession thereof to the paramount title."

It is not claimed, nor can it be, that there are not many and highly respectable authorities to the contrary of the above decision, but I believe it to be one which may be followed with less danger of injustice to innocent parties than a rule which would permit a warrantee to compromise with the holder of the paramount title, paying him whatever sum might be agreed upon, whether reasonable under the circumstances or unreasonable, and recover it from the warrantor.

Having reached the above conclusion it is deemed unnecessary to discuss the other point raised by counsel in the brief.

The judgment of the district court is reversed and the cause dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.